NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

RALPH MICHAEL DAHL, *Appellant*.

No. 1 CA-CR 17-0584
FILED 6-12-2018

Appeal from the Superior Court in Mohave County
No. S8015CR201601438
The Honorable Lee Frank Jantzen, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Mohave County Legal Advocate, Kingman
By Jill L. Evans
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge Kenton D. Jones delivered the decision of the Court, in which Presiding Judge Maria Elena Cruz and Judge David D. Weinzweig joined.

---

**J O N E S**, Judge:

**¶1**         Ralph Dahl appeals his conviction and sentence for one count of theft.  After searching the entire record, Dahl's defense counsel identified no arguable question of law that is not frivolous.  Therefore, in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), defense counsel asked this Court to search the record for fundamental error.  Dahl was granted an opportunity to file a supplemental brief *in propria persona* and did not do so.  After reviewing the entire record, we find no error.  Accordingly, Dahl's conviction and sentence are affirmed.

## FACTS AND PROCEDURAL HISTORY

**¶2**         On July 23, 2016, Rick S. discovered that his forty-foot storage container located on property in Golden Valley where he planned to ultimately build a home had been broken into and approximately ninety percent of its contents removed.[1]  The police took a brief description of a few things Rick knew were missing but were unable to detect any footprints, fingerprints, or tire tracks that would assist them in identifying the perpetrator.

**¶3**         The following day, Rick's friend saw a box laying in the street near his home that looked similar to the ones stolen from Rick.  Rick visually identified the box and confirmed it contained his wife's clothing.  He also saw more boxes underneath a disassembled truck across the street.

**¶4**         Police later recovered approximately one hundred boxes of Rick's belongings from the property and returned them to Rick.  A notebook discovered on the property contained the names of Rick's

---

[1]         "We view the facts in the light most favorable to sustaining the conviction[] with all reasonable inferences resolved against the defendant." *State v. Harm*, 236 Ariz. 402, 404 n.2, ¶ 2 (App. 2015) (quoting *State v. Valencia*, 186 Ariz. 493, 495 (App. 1996)).

microphones, as well as phone numbers for several pawn shops in Nevada. The State charged the property owner, Dahl, with one count of theft.

¶5        At trial, Dahl testified that a man had brought the boxes on July 22, 2016, along with a truck for Dahl to repair. As payment for the work, Dahl accepted a few microphones. When the man drove the newly repaired truck away, he left the boxes on Dahl's property. Dahl was unable to provide a name, address, or phone number for the man and did not write down the license plate number of the truck.

¶6        After an unsuccessful motion for judgment of acquittal, the jury convicted Dahl of theft of property valued at less than $1,000 — a class one misdemeanor. The trial court sentenced Dahl to 120 days in jail with credit for one day of presentence incarceration, and we have jurisdiction pursuant to Arizona Revised Statutes (A.R.S.) §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

¶7        Our review reveals no fundamental error. *See Leon*, 104 Ariz. at 300 ("An exhaustive search of the record has failed to produce any prejudicial error."). A person is guilty of theft if, "without lawful authority, the person knowingly . . . [c]ontrols property of another with the intent to deprive the other person of such property" or "[c]ontrols property of another knowing or having reason to know that the property was stolen." A.R.S. § 13-1802(A)(1), (5). "Theft of any property . . . valued at less than one thousand dollars is a class 1 misdemeanor." A.R.S. § 13-1802(G). The record contains sufficient evidence upon which the jury could determine beyond a reasonable doubt Dahl was guilty of misdemeanor theft.

¶8        All the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. So far as the record reveals, Dahl was represented by counsel at all stages of the proceedings and was present at all critical stages, including the entire trial and the verdict. *See State v. Conner*, 163 Ariz. 97, 104 (1990) (right to counsel at critical stages) (citations omitted); *State v. Bohn*, 116 Ariz. 500, 503 (1977) (right to be present at critical stages). The jury was properly comprised of eight jurors, and the record shows no evidence of jury misconduct. *See* A.R.S. § 21-102(B); Ariz. R. Crim. P. 18.1(a). The trial court properly instructed the jury on the elements of the charged offenses, the State's burden of proof, and Dahl's presumption of innocence. At sentencing, Dahl was given an opportunity to speak, and the court stated on the record the evidence and materials it considered and the factors it found in imposing the sentence. *See* Ariz. R. Crim. P. 26.9, 26.10.

Additionally, the sentence imposed was within the statutory limits. *See* A.R.S. § 13-707(A)(1).

**CONCLUSION**

**¶9**         Dahl's conviction and sentence are affirmed.

**¶10**         Defense counsel's obligations pertaining to Dahl's representation in this appeal have ended. Defense counsel need do no more than inform Dahl of the outcome of this appeal and his future options, unless, upon review, counsel finds an issue appropriate for submission to our supreme court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584-85 (1984).

**¶11**         Dahl has thirty days from the date of this decision to proceed, if he wishes, with an *in propria persona* petition for review. *See* Ariz. R. Crim. P. 31.21. Upon the Court's own motion, we also grant Dahl thirty days from the date of this decision to file an *in propria persona* motion for reconsideration.



AMY M. WOOD • Clerk of the Court
FILED:  AA